UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERMAN LEE BARTON, JR.,

         Plaintiff,

    v.

LAKE WHATCOM RESIDENTIAL AND TREATMENT CENTER,

         Defendant.

No. C17-0861RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On August 14, 2017, the Court accepted for filing plaintiff's complaint alleging that the Lake Whatcom Residential and Treatment Center is overcharged his community health plan for the services he is receiving. He wants defendant to charge only $300 per month so that he can apply for the Work First program with the Social Security Administration, but alleges that his health plan was charged $9,857.01 for April 2017 and $9,268.78 for May 2017.

Having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), the Court finds that plaintiff's complaint is deficient. Pursuant to Fed. R. Civ. P. 8(a)(1), the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff has not alleged facts giving rise to a plausible cause of action cognizable under federal law, nor does it appear that the

ORDER TO SHOW CAUSE

parties are residents of different states and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331 (original jurisdiction over claims arising under federal law); 28 U.S.C. § 1332 (federal jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). The party asserting jurisdiction has the burden of establishing all jurisdictional facts. See U.S. v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Plaintiff has failed to allege, much less establish, the basis of the Court's jurisdiction.

For the foregoing reasons, plaintiff is hereby ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall, within thirty (30) days of this order, file an amended complaint which establishes this Court's jurisdiction. Such a complaint would either (a) allege a cause of action based on a violation of federal law, or (b) show that the parties are diverse (*i.e.*, that the parties are residents of different states) and that plaintiff is entitled to recover at least $75,000. See 28 U.S.C. 1332(a)(1)–(4) (examples of "diverse" citizenship). If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice.

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, September 22, 2017.

DATED this 17th day of August, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge